UNITED STATES of America, Appellee,

v.

Angelo RUGGIERO,
Defendant-Appellant.

No. 1620, Docket 86–1312.

United States Court of Appeals,
Second Circuit.

Argued July 15, 1986.

Decided July 18, 1986.

John L. Pollok, New York City (Mark A. Sommers, Hoffman Pollok & Gasthalter, New York City, of counsel), for defendant-appellant.

Jane Simkin Smith, Brooklyn, N.Y., Asst. U.S. Atty., for E.D. N.Y. (Andrew J. Maloney, U.S. Atty., for E.D. N.Y., Robert P. LaRusso, Asst. U.S. Atty., of counsel), for appellee.

Before WINTER and MAHONEY, Circuit Judges, and CABRANES, District Judge.*

PER CURIAM:

Ruggiero appeals from Judge Costantino's order revoking his bail. We conclude that Ruggiero's courtroom threats to a witness and to the prosecutor in the presence of the district judge, and the evidence that Ruggiero had participated at a high level in an organized crime family while on bail, are legally sufficient to support the revocation of bail.

The courtroom threats occurred as follows. Ruggiero was granted bail in 1983. At a pretrial identification hearing held on June 25, 1985, Ruggiero pointed a finger in a threatening manner at a witness as he was being cross-examined. The district judge did not at that time revoke Ruggiero's bail but did indicate on the record that he had witnessed the incident. At the bail revocation hearing in the instant matter on June 27, 1986, Ruggiero vented his anger at a marshal who apparently had indicated that Ruggiero would be unable to visit with his son. Ruggiero stated "Come on, let's go. Come on, go home and celebrate with your family. Tell them what victory you got. Go ahead and laugh. I wish it on your wife and kids what you wish on my wife and kids." As he exited the courtroom, Ruggiero then pointed a finger directly at the prosecutor and said in a threatening manner "You first."

* The Hon. José A. Cabranes, District Judge, United States District Court for the District of Connecticut, sitting by designation.

Judge Costantino, who was an eye-witness to both incidents, viewed Ruggiero's conduct as a threat to the witness and to the prosecutor. The cold record before us affords no grounds to find that the district court's evaluation of these events was erroneous, much less clearly erroneous.

Judge Costantino also found on the basis of taped conversations and hearsay evidence from informants that Ruggiero had been involved in various other criminal activities as a high level member of an organized crime family while on bail. Whether the record supports the findings as to each of the crimes specified need not be resolved since it clearly establishes that Ruggiero had engaged in at least some serious criminal activity during the pertinent time period.

■ Because the bail revoked was granted in 1983, appellant and the government differ as to whether this case is governed by the Bail Reform Act of 1966, Pub.L. No. 89-465, 80 Stat. 214 (1966) (codified at 18 U.S.C. §§ 3146–3152, (1982)) (amended 1984), or the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (Supp. II 1984). We believe it unnecessary to resolve this issue. Under the Bail Reform Act of 1966 the district court had inherent power to revoke bail if it found that a defendant's freedom "would create an unusual risk of obstruction of justice." *United States v. Payden*, 768 F.2d 487, 490 (2d Cir.1985). The courtroom threats in the presence of the district judge are more than enough to justify revocation of bail under that inherent power. A defendant who is willing to make threats in front of a district judge deserves to have those threats taken seriously.

■ With regard to the Bail Reform Act of 1984, we believe that Ruggiero's courtroom threats and his continued participation in organized crime activities support the conclusion that Ruggiero had attempted to obstruct justice and that he is unlikely to abide by any conditions of release. Revocation of bail under Section 3148(b) is thus also justified. *United States v. Gotti*, 794 F.2d 773 (2d Cir.1986). We need not,

therefore, discuss whether that Act's "explicit and detailed scheme for detention to protect witnesses should preclude the use of inherent powers to accomplish the same end." *Id.* at 780.